### 12114. WALLACE *v.* THE STATE.

LUKE, J. The court did not err in admitting the evidence complained of in the special grounds of the motion for a new trial; and, the evidence being sufficient to authorize the verdict, which has the approval of the trial judge, the judgment denying a new trial must be

*Affirmed. Broyles, C. J., and Bloodworth, J., concur.*

DECIDED APRIL 13, 1921.

Accusation of possessing intoxicating liquor; from city court of Hall county — Judge Wheeler. December 29, 1920.

From the evidence it appears that two policemen in an automobile saw the defendant standing in a road by his Ford car, which had broken down; they stopped and he started across the road, on the other side, and they told him to stop and wait; they "saw his tracks where he had got out of the car and gone down a little bluff;" the ground was muddy, and the tracks were those of a long keen-toed shoe; one of the policemen followed the tracks and found in the woods, at a distance of about 20 or 30 feet from the car, a jug containing about three gallons of whisky, and brought it back; the other policeman then followed the tracks a little further and found a ten-gallon keg of whisky, which he brought back; the policemen put the jug and the keg in their automobile, and,

taking the defendant with them in their car, went " back to town." The defendant said there was a man at Cain's shop who would make his bond; that a man who had come with him from Pendergrass was waiting at Cain's shop; they went there in the automobile, and the defendant pointed to a man standing across the street from Cain's shop and said that this man was the man; the policemen motioned or called to him to come up to them, and the first thing the man said was that he knew nothing at all about " that liquor;" that he " just rode up with that man." The defendant was present and heard this. When the man said this the doors of the car were shut and the man was standing on the sidewalk. In the motion for a new trial it was alleged that the court erred in admitting the testimony of the policeman as to the statement of this man that he knew nothing about the liquor, counsel for the defendant having objected to it as being irrelevant and hearsay, and as being a voluntary expression which would not bind the defendant or connect him with the liquor.

*B. P. Gaillard Jr.,* for plaintiff in error.

*E. D. Kenyon, solicitor,* contra.